508 P.2d 330

**STATE of Arizona, Appellee,**

v.

**Charles D. FERGUSON, Appellant.**

**No. 2286.**

Supreme Court of Arizona,
In Division.

April 13, 1973.

Gary K. Nelson, Atty. Gen. by William P. Dixon and Thomas A. Jacobs, Asst. Attys. Gen., Phoenix, for appellee.

Gerald A. Wolf, Phoenix, for appellant.

HAYS, Chief Justice.

Defendant entered a plea of guilty to a charge of furnishing marihuana. Two other charges involving marihuana were dropped and defendant was placed on probation. Sometime thereafter, defendant's probation was revoked and he was sentenced to serve five to ten years in the Arizona State Prison. This appeal was then filed.

■ By an out-of-context reading of the transcript of the revocation hearing, defendant tries to establish that he was not represented by counsel at that hearing. The minutes of the hearing refer to his counsel by name. The transcript contains a statement as to the presence of counsel by name and sets forth in some detail the exchanges between counsel and the court on questions raised by the court, as well as verbatim reporting of the argument presented by counsel. We find no merit in this assertion.

■ The other contention raised by defendant is that he was not informed of the charges against him and was not given an opportunity to refute them. The record shows that the Preliminary Order on Revocation of Probation was signed on November 25, 1970, and a copy was sent to the attorney who represented him at the revocation hearing. The hearing was held on December 8, 1970. The bench warrant upon which defendant was arrested indicated that he was being arrested for violation of that condition of probation requiring him to conduct himself as a law-abiding citizen. There was sufficient time al-

lowed for the defendant's attorney to apply to the court for more particulars if such were required to meet the charge.

At the hearing there was discussion and argument between the court and defendant's counsel and defendant himself. No offer was made by the defense to present witnesses or other evidence. There was no request for additional time to meet the specific matters raised by the court. *See* State v. Maxwell, 97 Ariz. 162, 398 P.2d 548 (1965); State v. Walter, 12 Ariz.App. 282, 469 P.2d 848 (1970).

The order revoking probation and the sentence are affirmed.

CAMERON, V. C. J., and LOCKWOOD, J., concur.