512 P.2d 46

**The STATE of Arizona, Appellee,**

v.

**Wayne E. SETTLE, Appellant.**

**No. 1 CA–CR 514.**

Court of Appeals of Arizona,
Division No. 1,
Department A.

July 12, 1973.

Gary K. Nelson, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

On April 6, 1971 the defendant, Wayne E. Settle, entered a plea of guilty to the charge of grant theft; imposition of sentence was suspended for a period of five years.

On April 24, 1972 the defendant, with counsel, appeared at a revocation of probation hearing which resulted in the trial court revoking defendant's probation and sentencing him to a term of not less than two nor more than three years in prison. Defendant brings this appeal, alleging the trial court did not comply with the due process requirements of the 14th Amendment to the United States Constitution as set forth in the case of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972).

Defendant alleges he was denied due process of law in that no preliminary hearing was ever held to determine whether there was probable cause to revoke his probation. He further claims that at the only hearing held on his revocation he was given no written notice of the claimed violation, the evidence of the violation was not disclosed to him, he was not allowed to confront the witnesses against him and the revoking judge did not state the evidence relied upon or the reasons for the revocation.

The transcript discloses that the defendant appeared at the revocation hearing with counsel; when confronted by the probation officer's report of alleged violations, the defendant and his wife gave sworn testimony. The hearing was covered by a court reporter and the defendant readily admitted to the trial judge that he had violated the terms of his probation by failing to make restitution and by leaving the state without permission.

It is clear that the trial court complied with the then known requirements for the revocation of probation. Counsel was present as required by Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966). See also Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The revocation hearing and sentence was not arbitrary. State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960). The hearing conformed to the essentials of due process as required by our Arizona decisions and generally complied with the spirit of Morrissey, supra. State v. Ferguson, 109 Ariz. 254, 508 P.2d 330 (1973); State v. Sanchez, 19 Ariz.App. 253, 506 P.2d 644 (1973); State v. Hunt, 13 Ariz.App. 267, 475 P.2d 752 (1970).

We would now affirm this case on the record except for the recent United States Supreme Court decision of Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Marlar, 20 Ariz.App. 191, 511 P.2d 204 (filed June 28, 1973). The Court held that due process mandates two hearings—a preliminary and a final revocation hearing—in the case of a probationer under the same conditions as are specified in Morrissey, supra, in the case of a parolee.

This is the mandate of Gagnon, supra, although we believe that under Arizona law there are significant differences between parole revocation procedures and the probation process. In Arizona judicial management and supervision of the probationary process are provided, as distinguished from administrative management in the parole process. Compare A.R.S. § 13–1657 with A.R.S. § 31–401 through 414. This distinction was noted by Justice Douglas in his separate opinion in Morrissey in which he stated that since parole, unlike probation, is largely administrative, it requires closer scrutiny and stricter rules to insure due process.

It is clear that the trial judge, like all Arizona trial judges to the best of our knowledge, did not conduct two separate hearings and that this is now required where probation is revoked and the defendant is incarcerated.

Justice Powell in Gagnon sets down the requirements for the two hearings in the revocation of probation as follows:

"In Morrissey, we recognized that the revocation decision has two analytically distinct components:

'The first step in a revocation decision involves a wholly retrospective factual question: whether the parolee has in fact acted in violation of one or more conditions of his parole. Only if it is determined that the parolee did violate the conditions does the second question arise: should the parolee be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?' Morrissey v. Brewer, *supra,* 408 U.S. at 479–480, 92 S.Ct. 2593."

\*　　\*　　\*　　\*　　\*　　\*

"The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the 'minimum requirements of due process' include very similar elements:

'(a) written notice of the claimed violations of [probation or] parole; (b) disclosures to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.' Morrissey v. Brewer, *supra,* 408 U.S. at 489, 92 S.Ct. 2593."

Unfortunately, the requirements of Morrissey and Gagnon were nonexistent at the

time the drafters prepared the Arizona Rules of Criminal Procedure, which become effective September 1, 1973.

■ It would appear that the proper guidelines for the trial courts of Arizona to follow in compliance with the recent United States Supreme Court's cases of Morrissey and Gagnon and our own new Rules of Criminal Procedure would be as follows:

1. If he has reasonable cause to believe a probationer has violated the terms of probation, the probation officer responsible for the probationer's conduct or the county attorney of the county in which the probationer was convicted may petition the sentencing court to revoke probation. See Rule 27.5a., Arizona Rules of Criminal Procedure, 17 A.R.S.

2. After the petition to revoke has been filed with the clerk of the court, the sentencing court may issue a summons directing the probationer to appear on a specified date for a revocation hearing or may issue a warrant for the probationer's arrest. See Rule 27.5b., Arizona Rules of Criminal Procedure.

3. When a probationer is arrested on a warrant, his probation officer shall be notified immediately and the probationer shall be taken without unreasonable delay before the issuing judge who shall advise the probationer of his rights to counsel under Rule 6, Arizona Rules of Criminal Procedure; inform him that any statement he makes prior to hearing may be used against him; set the date of the revocation hearing; and make a release determination under Rule 7.2b., Arizona Rules of Criminal Procedure. See Rule 27.6, Arizona Rules of Criminal Procedure.

4. The initial or preliminary hearing to determine if the probationer factually violated the terms of probation should be held no less than 7 nor more than 20 days after the warrant or summons has been served on the probationer unless the court, upon the written request of the probationer, sets the hearing for another date. See Rule 27.7a., Arizona Rules of Criminal Procedure.

5. A hearing should be held pursuant to the requirements of Rule 27.7c., Arizona Rules of Criminal Procedure:

"c. Nature of the Hearing.

(1) If the alleged violation involves a criminal offense for which he has not yet been tried, the probationer shall be advised, at the beginning of the revocation hearing, that regardless of the outcome of the present hearing, he may still be tried for that offense, and any statement made by him at the hearing may be used to impeach his testimony at that trial.

(2) The court shall then ask him whether he admits or denies the violation charged. If the probationer admits the violation and the court, after making the determinations required by Rule 27.8, accepts the admission, it shall enter an appropriate order under Rule 27.7(d).

(3) If no admission is made or if an admission is not accepted by the court, the violation must be established by preponderance of the evidence. Each party may present evidence and shall have the right to cross-examine witnesses who testify. The court may receive any reliable evidence not legally privileged, including hearsay."

6. The probationer shall be present at the hearing and shall have the rights to counsel provided in Rule 6, Arizona Rules of Criminal Procedure. It should be noted that the United States Supreme Court in Gagnon only requires the appointment of counsel on a case-by-case basis in the exercise of sound judicial discretion.

7. At the conclusion of this hearing, the trial judge should make a finding as to whether the probationer violated the terms of probation. This may be done by minute entry order.

■ In the event the judge finds no violation that would warrant the consideration of revocation, the petition to revoke

should be dismissed under whatever condition may be warranted by the facts. If the judge determines that there was a violation of the terms of probation, a second or final revocation hearing should be held to determine if probation should in fact be revoked and if so the proper sentence to be imposed. The basic steps to be followed in such a hearing are:

1. The written findings of the trial judge made at the conclusion of the preliminary hearing should be served on the probationer, together with timely notice of the second hearing.

2. The probationer shall be present and shall have the rights to counsel as provided in Rule 6, Arizona Rules of Criminal Procedure.

3. The probationer should be allowed at the hearing to present evidence in mitigation and to confront and cross-examine adverse witnesses as may be warranted in the sound discretion of the trial judge.

4. At the conclusion of the hearing the judge may revoke, modify or continue probation. In the event probation is revoked, a finding of the evidence relied on and the reasons for revoking should be made and a copy of such order provided to the probationer. This may be done by minute entry order.

5. If the court decides to revoke, sentence should be pronounced in accordance with the procedures set forth in Rules 26.-10 through 26.16, Arizona Rules of Criminal Procedure.

■ Since these hearings are analogous to a preliminary hearing and a sentencing procedure with "due process" considerations, the hearings should be covered by a court reporter. See Rule 27.7e., Arizona Rules of Criminal Procedure.

We set forth these guidelines as suggestions and do not purport to rule them mandatory or absolutes. As Justice Powell said in Gagnon:

"Nor did we intend to foreclose the States from holding both the preliminary and the final hearings at the place of violation or from developing other creative solutions to the practical difficulties of the *Morrissey* requirements."

■ The next decision that must be reached is whether Morrissey and Gagnon are prospective or retroactive in effect. The United States Supreme Court was silent on this question in Gagnon. In Morrissey, at page 490 of 408 U.S., 92 S.Ct. 2593, the United States Supreme Court held that the requirements of Morrissey are applicable to future revocations of parole. In People v. Vickers, 8 Cal.3d 451, 105 Cal.Rptr. 305, 503 P.2d 1313 (1972), the California Supreme Court, in a revocation of probation case, held that the requirements of Morrissey were prospective only. After reviewing these cases and other similar "due process" cases, we believe Morrissey and Gagnon are prospective in application. Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971); Fuller v. Alaska, 393 U.S. 80, 89 S.Ct. 61, 21 L.Ed.2d 212 (1968); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

Since this case at issue predates both Morrissey and Gagnon and for the reasons heretofore stated, we believe the revocation was in compliance with the law at the time in question and we therefore affirm the decision of the trial court.

The order revoking probation and the sentence are affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.