515 P.2d 46

**The STATE of Arizona, Appellee,**

v.

**Larry Don GRIGGS, Appellant.**

**No. I CA–CR 529.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 30, 1973.

Rehearing Denied Dec. 10, 1973.

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Frank Galati, Asst. Attys., Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

The trial court revoked the probation of the defendant, Larry Don Griggs, and imposed a 3 to 5 year sentence.

Defendant appeals from the order revoking probation and alleges he was denied due process of law under the Fourteenth Amendment to the United States Constitution for the following reasons: (1) he was not given advance notice of the grounds for revocation; (2) he was not afforded a proper evidentiary hearing on the charges against him; (3) the trial court heard no evidence to support a finding that the defendant had violated his probation; and (4) the order revoking probation was based on allegations which did not constitute violations of the terms of probation.

The transcript shows the defendant appeared at the revocation hearing with counsel, that he readily admitted he had violated the terms of his probation, that when afforded an opportunity to testify he had nothing to say to the court other than a brief statement attempting to mitigate his probation violations. A court reporter was present and a record was made of the entire revocation hearing.

The trial court complied with the then accepted Arizona procedure for the revocation of probation. Counsel was present as required by Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966). The hearing was not conducted in an arbitrary manner. State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960). The hearing conformed to the essentials of due process as required by our Arizona decisions. State v. Ferguson, 109 Ariz. 254, 508 P.2d 330 (1973); State v. Sanchez, 19 Ariz.App. 253, 506 P.2d 644 (1973); State v. Hunt, 13 Ariz.App. 267, 475 P.2d 752 (1970).

We had a similar fact situation before this court in the recent case of State v. Settle, 20 Ariz.App. 283, 512 P.2d 46 (1973). As we noted in that case the United States Supreme Court has within the past two years laid down certain specific requirements that are mandatory at a revocation of probation hearing. Some of these requirements were not met in this case and we would reverse if the provisions of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) were retroactive. We held in Settle, supra, that the provisions of Morrissey and Gagnon were prospective only. Morrissey was decided on June 28, 1972 and Gagnon in 1973. Since the order revoking defendant's probation was entered on May 24, 1972 and predates both Morrissey and Gagnon, and for reasons stated herein and in Settle, supra, we believe the revocation hearing was conducted in compliance with the law at the time in question.

The order revoking probation is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.