538 P.2d 1160

**STATE of Arizona, Appellee,**

v.

**Virgil Linn GRAY, Appellant.**

**No. I CA–CR 837.**

Court of Appeals of Arizona,
Division 1,
Department B.

Aug. 14, 1975.

Rehearing Denied Sept. 18, 1975.

Review Denied Oct. 28, 1975.

**360**

———◆———

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The defendant Virgil Linn Gray pled guilty on January 3, 1974 to the crime of burglary, second degree. On January 25, 1974, sentence was suspended for a period of five years with the condition that the defendant be incarcerated for nine months in the Maricopa County Jail. Another term of probation was that the defendant would conduct himself as a law-abiding citizen. As a result of a subsequent conviction of possession of marijuana on July 24, 1974 (affirmed on appeal by Memorandum Decision filed this date—*State v. Gray,* 1 CA–CR 838), the defendant's probation was revoked and on September 9, 1974, he was sentenced to a term of four to five years imprisonment.

On appeal defendant argues first that he was denied due process of law when the court refused to allow him to present evidence in support of his claim of innocence to the charge of possession of marijuana at a mitigation hearing and second that the court erred in not continuing sentencing after denying defendant's request that new counsel be appointed and the motion to withdraw filed by the Public Defender's Office.

After the defendant had been found guilty of violating the terms of his probation, a disposition hearing was set for September 5, 1974. At the disposition hearing, the defendant was permitted to take the stand and speak on his own behalf as required by Rule 26.10, Rules of Criminal Procedure, 17 A.R.S. The defendant stated that he had a family, that he had a job waiting for him when he was released from incarceration and that he had already served seven months in the county jail on the second degree burglary conviction. In addition, he was permitted to testify as to some of the underlying facts in the possession of marijuana conviction and his continuing assertion of innocence of that charge:

"Q. [By Mr. Thompson, attorney for defendant]. Was that charge [possesion of marijuana] the basis of this hearing on revocation?

"A. Yes, sir.

"Q. Okay. Now I trust that you are going to be sentenced in Judge Cantor's court for that conviction?

"A. Yes, sir.

"Q. Do you feel perhaps that the court should not consider that very strongly since you are going to serve time or at least do some type of sentence as to that charge? That should not be taken into consideration? Is that your general feeling?

"A. Yes.

"Q. Now, as to rehabilitation . . . by the way I think it would be wise

to advise the court where this marijuana was actually found that you were charged with having possessed.

"A. In the compound.

"Q. In the county compound? Is that correct?

"A. Yes, sir.

"Q. In other words, you weren't on the street at the time?

"A. No. I was a trustey [sic].

"Q. Okay. Now I trust you did maintain and still maintain your innocence as to that charge.

"A. Yes, sir."

Immediately following that we then find the following dialogue upon which the defendant bases his first contention of error:

"Q. Was it found on your person?

"THE COURT: I am not going to try that case over again. He has been found guilty and he is guilty as far as this court is concerned."

After this dialogue there was no further attempt to present any mitigating circumstances underlying the conviction of possession of marijuana. Defendant's contention on appeal is that the court erred in refusing to allow him to present evidence in support of the claim of his innocence. In support of this position, defendant cites Rule 26.7, Rules of Criminal Procedure, and *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973). That portion of *Settle* relied upon is as follows:

"The probationer should be allowed at the hearing [sentencing] to present evidence in mitigation and to confront and cross-examine adverse witnesses as may be warranted in the sound discretion of the trial judge." 20 Ariz.App. at 287, 512 P.2d at 50.

Under the facts of this case, we find no violation of this guideline set forth in *Settle.* The defendant was permitted to take the stand in his own behalf and present evidence in mitigation, including some of the underlying facts as to the possession of marijuana conviction upon which his revocation was based. The only evidence which was not permitted was evidence which was offered specifically to collaterally attack the jury conviction in a previous proceeding. We find no abuse of discretion on the part of the trial judge in refusing to allow the defendant to convert a mitigation hearing into a full-blown trial in relation to his innocence to the charge of possession of marijuana. Defendant's reliance on *People v. Purvis,* 52 Cal.2d 871, 346 P.2d 22 (1959) is also misplaced.

In *Purvis,* the defendant had been found guilty of first degree murder. At the hearing before the jury to determine whether the death penalty should be imposed, the state was permitted to introduce testimony of witnesses from a previous second degree murder conviction which showed a similar *modus operandi.* The defendant objected on the grounds that the prior conviction was *res judicata* and at most the state should have been permitted to present the transcript from that trial. In affirming the trial court's action, Justice Traynor raised the following hypothetical to illustrate that such a strict use of the principle of *res judicata* could be equally harmful to the defense:

"A defendant convicted of murder of the first degree might have compelling evidence to prove his innocence of a prior crime of which he had been convicted. It might even appear that the motive for the killing was the victim's testimony that led to the prior conviction. Surely such evidence would be admissible on the issue of punishment even though it required the impeachment of a former verdict to introduce it." 346 P.2d at 28.

This language is cited by defendant in the case at bar to support his argument. However, it is clear from this quotation and from a full reading of Justice Traynor's reasoning, that he is not condoning a collateral attack on a former verdict as asserted by defendant. He merely states that

evidence relevant to punishment in a second conviction should be admitted even if that evidence secondarily requires impeachment of a former verdict. Because defendant Gray's argument on appeal requests a direct attack on the former verdict; we do not believe that the *Purvis* case is persuasive.

■ Turning to defendant's second argument, we note that the defendant does not argue that the trial judge committed error in failing to grant defendant's request that other counsel be appointed nor that the court erred in denying the public defender's motion to withdraw. The argument presented is merely that the trial court committed error by not automatically continuing the time for sentencing after these motions were denied. We find this argument to be totally without merit. At the time the motions were ruled upon, we note the following dialogue from the transcript:

"THE COURT: All right then. Do you wish to proceed with the sentencing at this time?

"THE DEFENDANT: Yeah."

The defendant was represented by counsel who chose to stand mute. The court had no duty to conduct an inquiry and evaluate the wisdom of the defendant and his counsel in choosing to proceed with sentencing at that time.

One final point should be mentioned. In the opening memorandum, counsel for the defendant requested that the defendant be permitted to file a supplemental brief in his own behalf in light of the previously expressed dissatisfaction with the public defender's office. This request was renewed by motion and on April 3, 1975 this court entered an order permitting the defendant to file a supplemental memorandum in which he could raise any additional points which he deemed pertinent. The defendant has not filed a supplemental memorandum as authorized by this court's order and thus the matter has been determined on the memoranda submitted by his attorney and the attorney for the state.

The revocation and sentence are affirmed.

HAIRE, C. J., Division 1, and EUBANK, J., concur.