550 P.2d 639

The STATE of Arizona, Appellee,

v.

Allen Joseph ZAJAC, Appellant.

No. 1 CA-CR 1567.

Court of Appeals of Arizona,
Division 1,
Department A.

June 15, 1976.
Rehearing Denied Aug. 9, 1976.
Review Denied Sept. 16, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

OPINION

OGG, Judge.

This is an appeal from the revocation of appellant's probation. On appeal, appellant contends that the trial court erroneously revoked his probation because he was not notified in writing of the condition which the trial court found he had violated. Because we agree that appellant's probation was improperly revoked, we do not consider appellant's other issue of whether his sentence was excessive.

On March 15, 1974, appellant pleaded guilty to armed robbery and was placed on probation for four years. One of the conditions of probation was that appellant make restitution in an amount and under terms to be determined by the probation officer. On May 22, 1975, the probation department filed a petition to revoke appellant's probation on the grounds that he had violated term number nine of his probation by showing a positive result on tests for morphine and methadone and term number eleven by failing to make the required restitution.

On July 31, the trial court conducted the preliminary or violation hearing to determine if appellant had violated the terms of his probation. The court dismissed the allegation as to term number nine. As to the restitution requirement, appellant argued that he had not received written notice of the terms and conditions of restitution and therefore the trial court could not revoke his probation on this basis. The court rejected this argument and found that appellant had violated the terms of his probation by failing to make the required restitution.

On August 21, appellant pleaded guilty to two counts of possession of a pistol by a criminal. The sentencing on those charges was consolidated with the final or disposition hearing on the probation revocation. On September 5, the deposition hearing on the probation revocation was conducted and appellant presented evidence to support his contention that his

probation should be continued. This hearing was continued until September 8. On September 8, the trial court sentenced appellant to five to nine years for the charge for which his probation was revoked (armed robbery) and four to five years on each count of possession of a pistol. The sentences were to run concurrently.

On appeal, appellant contends that the trial court improperly revoked his probation because the revocation was based on a violation of a term and condition of which he did not receive notice in writing. Both the 1973 and the 1975 criminal rules provide that "[P]robation shall not be revoked for violation of a condition or regulation of which the probationer has not received a written copy." Arizona Rules of Criminal Procedure 27.7(d) (1973); Arizona Rules of Criminal Procedure 27.7(c)(2) (1975). Therefore, if appellant's contention is correct, we must reverse his probation revocation. *State v. Heasley,* 23 Ariz.App. 345, 533 P.2d 556 (1975).

In response to appellant's allegation, the state does not contend that the restitution term for which appellant was revoked was properly reduced to writing. By failing to argue this issue, we feel that the state had conceded that appellant did not receive proper written notice of that term and if appellant's probation revocation cannot be justified on other grounds, we must reverse the trial court's ruling.

Instead of contending that the written notice requirement was satisfied, the state contends that because appellant subsequently pleaded guilty to a criminal offense, there was no need for a violation hearing or for the state to establish that appellant violated the terms and conditions of his probation. In support of this contention the state cites Rule 27.7(e) of the 1975 rules, which provides:

Disposition Upon Determination of Guilt of :Subsequent Offense. If there is a

determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense.

There was no such provision in the 1973 rules.

Assuming that the 1975 rules are applicable (See *State v. Astorga,* 26 Ariz.App. 260, 547 P.2d 1060 (1976), we still feel that the trial court's judgment must be reversed for three reasons.

First, appellant never received written notice (or indeed any notice at all) that his probation was being revoked because of his criminal conduct. Written notice of the claimed violation is one of the basic minimum requirements of due process set forth in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973).

Second, Rule 27.7(a)(2) provides that at the revocation arraignment "[T]he court shall inform the probationer of each alleged violation of probation." Appellant was not informed that the criminal charges were part of the grounds for revocation at the arraignment nor was the petition ever amended to include such grounds.

Third, appellant did not receive notice that his probation was revoked because of the criminal violation. Rule 26.10[1] provides that in pronouncing judgment the court shall set forth the offense of which appellant was found guilty. In this case the trial court informed appellant:

Mr. Zajac, in cause 78892, at the time of your preliminary hearing and violation hearing on revocation on July 31, 1975, you were found to be in violation of your probation as stated by the orders of the court made that day.

---

1. This rule is applicable to probation revocations through Rule 27.7(d) (1973) and Rule 27.7 (c)(2) (1975).

Based on that finding of violation, it is ordered as the judgment of this court that defendant has violated the conditions and regulations of probation imposed on March 15, 1974 on the charge of armed robbery, a felony.

This requirement of notice of the reasons for revoking probation is also set forth in *Gagnon,* supra, and *Settle,* supra. The court's order of July 31 did not mention the criminal charges. In fact, appellant did not plead guilty to the charges until August 21. Accordingly, we cannot say appellant was properly informed of the basis of the revocation of his probation.

We feel that the combination and totality of these violations of appellant's due process rights require reversal. See *State v. Tash,* 23 Ariz.App. 299, 532 P.2d 874 (1975).

The revocation and sentence are reversed and the matter is remanded for further proceedings consistent with this opinion.

NELSON, J., and DONOFRIO, P. J., Department A, concur.