568 P.2d 1144

**The STATE of Arizona, Appellee,**

v.

**Arlie Gene TUBBS, Appellant.**

**Nos. 1 CA–CR 2456, 1 CA–CR 2458.**

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 23, 1977.

 

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Edward C. Voss, III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

OGG, Judge.

The sole issue raised in this appeal is whether the trial court erred by revoking defendant's probation where there was never a written petition for revocation filed or served upon the defendant.

This is a consolidated appeal from a judgment of conviction and sentence imposed on the appellant/defendant Arlie Gene Tubbs for the crime of robbery with a deadly weapon in CR–94061 and probation revocation pursuant to a previous conviction for second degree burglary in CR–83387.

On January 21, 1975, in CR–83387, the defendant pled no contest to the crime of second degree burglary. Imposition of sentence was suspended and defendant placed on probation for five years. Thereafter, on November 23, 1976, in CR–94061, defendant pled no contest to the crime of robbery with a deadly weapon. Pursuant to acceptance of this plea the trial court revoked defendant's probation without a formal petition in CR–83387. Defendant was sentenced to serve a term of not less than five nor more than six years in the Arizona State Prison in CR–94061 and not less than three nor more than four years in CR–83387, with sentences to run concurrently.

The defendant was represented at all trial court proceedings through sentencing, and is represented in this appeal by appointed counsel. Counsel presents no argument alleging reversible error upon which an appeal could be based. He has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), which brings to the attention of this court one specific issue of arguable error.

After the filing of counsel's brief this court entered an order granting the defendant an additional period of time within which to file his own supplemental brief. No supplemental brief has been filed by the defendant.

Counsel contends that the trial court erroneously revoked defendant's probation in CR–83387 since there was never filed with the trial court a petition for probation revocation. He refers to 17 ARS Rules of Criminal Procedure, rule 27.5(a), which provides:

> If he has reasonable cause to believe that a probationer has violated a written condition or regulation of probation, the probation officer responsible for the probationer's conduct or the county attorney of the county in which the probationer was convicted *may petition the sentencing court to revoke probation.* [Emphasis added.]

Defendant argues that since no petition to revoke was filed as required by rule 27.5(a), this case is governed by this court's decision in *State v. Zajac,* 26 Ariz.App. 593, 550 P.2d 639 (1976), wherein we reversed the revocation of a defendant's probation because of the "[T]otality of [the] violations of appellant's due process rights . . ." *Id.* at 595, 550 P.2d at 641. In *Zajac* the court revoked defendant's probation for his failure to pay restitution, although there was nothing in the record to indicate the defendant had ever been informed of the grounds upon which his probation was revoked prior to his disposition hearing.

The state argues that *Zajac* should be distinguished from this case on the facts. We agree. Here, the defendant Tubbs received actual notice in open court that his subsequent conviction would form the basis for a possible revocation of probation. Tubbs entered his plea of no contest to the robbery charge with the knowledge that such a plea could be used as grounds to revoke his probation on the prior burglary charge. His plea agreement in the robbery charge contained a special provision that any sentence imposed in the robbery charge would be served concurrently with any sentence imposed after the revocation of his probation on the burglary charge. Defendant's trial counsel represented to the court that no further notice was required of the revocation proceedings under these circumstances. At the disposition hearing the defendant was given an opportunity to speak and present any mitigation evidence; this opportunity was declined. The defendant makes no contention that he was prejudiced in any manner by the procedure followed in this case.

The right to a written notice of a claimed violation of probation has been set forth by this court in *State v. Settle,* 20 Ariz.App. 283, 512 P.2d 46 (1973), in which we followed the law as set forth in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). All of these cases stress the importance of allowing some flexibility of the approach to due process in the revocation of probation or parole.

17 ARS Rules of Criminal Procedure, rule 27.7 (amended May 7, 1975), sets forth some of the specific steps which should be followed for revocation proceedings. Section (e) requires no violation hearing when the defendant, while on probation, has entered what amounts to a guilty plea to a subsequent criminal offense.[1] See *State v. Hadley,* 114 Ariz. 86, 559 P.2d 206 (Ct.App.1977). Here, the defendant entered a plea of no contest to the crime of robbery with a deadly weapon while on probation for the prior offense of burglary; therefore no violation hearing was required.

Although the defendant was not entitled to a violation hearing, due process would require notice and an opportunity to present evidence in mitigation at his dispositional hearing. 17 ARS Rules of Criminal Procedure, rule 27.7; *Gagnon v. Scarpelli,* supra; *Morrissey v. Brewer,* supra.

---

1. "If there is a determination of guilty, as defined by Rule 26.1(c) of a criminal offense by the court which placed a probationer on probation, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense." 17 ARS Rules of Criminal Procedure, rule 27.7(e).

When examining the potential violation of due process rights where written notice is not provided, a distinction should be made in cases where a subsequent conviction forms the basis for revocation as compared to those cases in which a violation must be proved in the violation hearing of the revocation proceedings. Where a violation must be proven, a defendant in most cases would be placed at an unfair disadvantage unless he has been given a prior written petition setting forth a factual allegation of his alleged violation. See *State v. Baylis*, 27 Ariz.App. 222, 553 P.2d 675 (1976). However, when a probationer has been convicted of a subsequent offense, written notice of the factual allegations has already been provided in the prosecution of that offense. It therefore appears the importance of written notice does not reach the same level of necessity when probation is revoked on the basis of a subsequent conviction. See *State v. Cobb*, 115 Ariz. 484, 566 P.2d 285 (filed June 1, 1977); *State v. Acosta*, 25 Ariz.App. 44, 540 P.2d 1263 (1975).

While we believe it would have been better practice if a written petition for revocation of probation had been filed and the provisions of rule 27.5(a) had been closely followed, we find no reversible error under the facts of this case. The appellate courts of this state have established an abundance of case law to the effect that technical irregularities in the procedures set up in rule 27 may be waived where no objection was made and no prejudice resulted to the defendant. *State v. Espinoza*, 113 Ariz. 360, 555 P.2d 318 (1976); *State v. Hopson*, 112 Ariz. 497, 543 P.2d 1126 (1975); *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975); *State v. Barnett*, 112 Ariz. 212, 540 P.2d 684 (1975); *State v. Hadley*, supra; *State v. Baylis*, supra.

The defendant here, after he admitted his probation violation to a subsequent felony conviction, was given timely oral notice in open court of the time of his disposition hearing. He was given an opportunity to present evidence in mitigation at his dispositional hearing. We find no violation of due process and since there was no objection made to the procedure nor was there any prejudice shown we find there was a waiver of any procedural violations.

The revocation of probation and the judgments and sentences are affirmed.

JACOBSON, P. J., and DONOFRIO, J., concurring.