STATE OF WEST VIRGINIA

*v.*

LEONARD W. FRALEY

(No. 13940)

Decided September 18, 1979.

*Steven M. Askin, Radosh & Askin,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Robert S. Digges, Jr.,* Assistant Attorney General, for defendant in error.

HARSHBARGER, JUSTICE:

On February 21, 1974, Leonard Fraley pled guilty to forgery in Berkeley County Circuit Court and was placed on three years' probation beginning April 1, 1974.[1]

---

[1]The conditions of Fraley's probation, generally stated, were that he (1) not violate any criminal law, (2) not frequent establishments selling beer, liquor or controlled substances nor partake of any beer, liquor or controlled substances, (3) not reside out of the State without permission, (4) comply with the rules and regulations of the Court and the Board of Probation and Parole, (5) pay costs, (6) post bond, (7) not associate with any probationers or parolees and (8) make restitution.

On March 16, 1977, two weeks before the probation term would have expired, probation officer Patrick Futrell petitioned for Fraley's arrest alleging he had been publicly intoxicated, trespassed, driven without a license, failed to pay court costs, failed to make restitution, did not get and keep employment, and associated with a juvenile parolee.[2]

At the preliminary probation violation hearing on March 21, 1977, Futrell presented those violations alleged in the petition, plus evidence that Fraley had pled guilty to assault and battery (twice), leaving the scene of an accident, destruction of property, and assault, during his probation. Probable cause for probation revocation was found, of course.

## I.

At the final revocation hearing held three days later, Fraley's counsel objected to introduction of the five guilty pleas because they were not set out in the original petition.[3] He cited Syllabus Point 12 of *Louk v. Haynes*, ___ W. Va. ___, 223 S.E.2d 780 (1976):

---

[2]The specificity of charges enumerated in the petition is not questioned.

We do not know why the various violations were not acted upon at the time they occurred, rather than all at once and so near the end of his term. Inattention to violations by officials, if such happened here, close supervision as needed being an integral part of the theory that probation should help those who have difficulty conforming their behavior to the law's requirements, is inexcusable.

[3]Fraley does not object to mention of the guilty pleas at the preliminary hearing; however, we note that their inclusion was permissible because the limited purpose of that hearing is to determine probability that a condition has been violated to establish probable cause for revocation proceedings. Even without the pleas, probable cause was shown. Furthermore, when a probationer has been convicted of a criminal offense, the very prosecution of that offense is notice according to *State v. Tubbs*, 116 Ariz. 246, 568 P.2d 1144 (1977) and *Commonwealth v. Tomczak*, 252 Pa. Super. 114, 381 A.2d 140 (1977).

The final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by W. Va. Code, 62-12-10, *as amended,* must accord an accused with the following requisite minimal procedural protections: (1) *written notice of the claimed violations of probation;* (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing officer; (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation. [Our emphasis]

Our holding in *Louk* is derived from *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973).[4] "We begin with the proposition that the revocation of parole [probation] is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole [probation] revocations." *Morrissey v. Brewer,* 408 U.S. at 480.[5]

No where in *Morrissey, Gagnon* or *Louk* is the *form* of written notice specified. Here, the evidence about the guilty pleas presented at the preliminary hearing, was transcribed, furnished to Fraley's counsel (who was present at the preliminary hearing) and the transcript reflected the evidence with specificity as did the hearing

---

[4]*Morrissey* applied to parole revocations. Its rule was specifically made applicable to probation revocations in *Gagnon.*

[5]This writer would not agree that there is a valid distinction to be made between due process protections applicable to criminal prosecutions and those applicable to probation revocation proceedings. Threats to a person's liberty—by whatever process, procedure or prosecution, should bring full due process protections.

examiner's summary.[6] They had ample opportunity to "show ... that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey v. Brewer*, 408 U.S. at 488. It would be better to state all alleged violations in an original petition; however, due process notice was given.

## II.

As a probation condition, Fraley was required to make restitution to three named victims. Futrell testified at the revocation hearing that the victims told him no restitution had been made. This was impermissible hearsay testimony denying Fraley's right to confrontation guaranteed under Syllabus Point 12 of *Louk, supra*. This improper proof leaves the restitution violation charge unsupported by evidence. However, the error does not rise to a constitutional level because hearsay becomes constitutional error only when all the evidence offered is of that nature.

The test of the harmlessness of nonconstitutional error is set forth in Syllabus Point 2, *State v. Atkins*, _____ W. Va. _____, _____ S.E.2d _____ (No. 14133, July 17, 1979).

> "Where improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insuffi-

---

[6]Fraley contends the preliminary hearing transcript was confusing but we find it quite clear. The examiner's summary of findings was specific about the five guilty pleas. For example, it said:

Further evidence presented showed that in Magistrate's Docket Book 38, (C.P. Dingler) entry 262, the subject appeared before J.P. Dingler on charged [sic] of Assault and Battery. The subject pled guilty on 12-14-74.

cient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury."

Fraley's numerous probation violations proved by the State, many of which were in our opinion much more grievous than failure to restitute, require us to say the error was absolutely harmless. Applying the above test, we find that even without the inadmissible hearsay, there was sufficient evidence to support Fraley's probation revocation, and the hearsay testimony that was admitted had no prejudicial effect. Elimination of the restitution matter entirely would have given Fraley not one tittle of grace.

*Affirmed.*