440 P.2d 29

**STATE of Arizona, Appellee,**

v.

**Jerry Calvin CROWDER, Appellant.**

**No. 1810.**

Supreme Court of Arizona.

In Banc.

April 24, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

BERNSTEIN, Justice.

Appellant pleaded guilty to the crime of robbery in violation of A.R.S. §§ 13-641 and 13-643. The imposition of sentence was suspended and appellant was placed on probation for a period of three years. One of the terms of probation was that appellant " * * * will obey all laws of the United States Government and of the State of Arizona and all the states of our nation." Appellant was arrested for violating the conditions of his probation and subsequently a hearing was held in the Superior Court of Maricopa County on a petition to revoke probation. At the hearing the court found that appellant had been convicted of violating Phoenix City Code, § 27–26 (Code 1951, ch. 29, § 25), prohibiting drunk or dis-

orderly conduct in public. The court revoked his probation and sentenced him to a term of imprisonment in the Arizona State Prison for a period of not less than five years nor more than six years. The record shows that appellant was represented by the Public Defender at all stages of the proceedings. In addition, we should note that no reporter's transcript was made at the hearing to revoke probation.

■ On appeal appellant contends that the lower court erroneously revoked his probation because the violation of Phoenix city ordinances were not made conditions for revocation of his probation, and that revocation of probation based on the crime of drunk or disorderly conduct is unreasonable. As we said in State v. Maxwell, 97 Ariz. 162, 164, 398 P.2d 548, 549:

> "To remain at liberty under a suspended sentence is not a matter of right but a matter of grace and purely in the discretion of the trial court, Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569."

See also Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. Appellant's rights while on probation are derived and governed solely by statute. A.R.S. § 13–1657, subsec. B provides:

> "At any time during the probationary term of the person released on probation, any probation officer may, without warrant or other process, at any time until the final disposition of the case, re-arrest any person so placed in his care and bring him before the court, or the court may, in its discretion, issue a warrant for the re-arrest of any such person and may thereupon revoke and terminate the probation, if the interests of justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates, or a vicious life."

■ It is clear from the statute that a person's probation may be revoked in the sound discretion of the trial court if he engages in "criminal practices" regardless of whether he has violated one of the express conditions of his probation. The legislative intent is apparent from the use of the disjunctive word "or" between the last four clauses in this section of the statute. Moreover, when the trial court revokes probation for any violation of § 13–1657, subsec. B and imposes sentence the punishment is imposed by the court for the original crime of which the defendant was convicted.

■ We are of the opinion that appellant was accorded his rights in conformance with the purposes of this statute and that the trial judge's action was within his sound discretion. State v. Maxwell, supra; State v. Edge, 96 Ariz. 302, 394 P.2d 418.

■ Appellant next contends that the lower court committed reversible error when it failed to have a court reporter present at the hearing for revocation of his probation. The minute entries of the trial court show "that there is no reporter's transcript in this matter since the Defendant entered a plea of guilty in open Court without the presence of a Court Reporter and was sentenced in open Court without the presence of a Court Reporter."

■ We know of no authority holding that due process of law requires that all criminal trials be stenographically reported. In Arizona a reporter's transcript is not the only means by which an appellate court can review the proceedings in the trial below. Rule 76, Rules of Civil Procedure, 16 A.R.S., provides an alternative to a reporter's transcript by allowing a party to file a certified statement of the case, approved by the superior court, and including the facts which were proved or sought to be proved at the trial. In House v. United States, 234 A.2d 805, 808 (D.C.Ct.App. 1967) the District of Columbia Court of Appeals dealing with a similar set of facts stated:

> "* * * we do not interpret it [Tate v. United States, 123 U.S.App.D.C. 261, 359 F.2d 245 (1966)] as requiring that every criminal defendant must have his

trial stenographically reported, whether or not his counsel makes a request therefor. Neither do we interpret it [Tate] as holding that if no transcript is available a defendant is *ipso facto* [emphasis in original] denied the right of an effective appeal and that his conviction must therefore be reversed. *Where no objection is made by a defendant to proceeding to trial without a reporter, he waives his right to thereafter complain that the proceedings were not reported; and unless he makes a clear showing that the statement of proceedings and evidence is neither a fair nor accurate account of the trial proceedings, the statement will be accepted as a substitute for the transcript."* (Emphasis added).

Where appellant was represented by an attorney at all stages of the proceedings and did not object to the absence of a court reporter he waives his right to thereafter complain. In addition, in the case before us appellant has failed to make any showing that his rights were prejudiced by the absence of a court reporter. Since we have no reporter's transcript before us we will presume that the trial court acted on sufficient grounds in revoking appellant's probation. State v. Kelly, 99 Ariz. 136, 407 P.2d 95; State v. Sheffield, 97 Ariz. 61, 396 P.2d 828.

Judgment affirmed.

McFARLAND, C. J., UDALL, Vice C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.