222 So.2d 766 (1969)
Terry D. CLARK, Appellant,
v.
STATE of Florida, Appellee.
Nos. 68-531, 68-532.
District Court of Appeal of Florida. Second District.
May 14, 1969.
Rehearing Denied June 11, 1969.
*767 Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
MANN, Judge.
Failure of a probation supervisor to give a Miranda-type warning to Clark prior to his admission of a violation of the terms of probation is argued on this appeal as rendering such an admission inadmissible at a revocation proceeding. We disagree. As Chief Judge Allen said in McNeely v. State, Fla.App. 1966, 186 So.2d 520, "the entire probation process is a privilege and those to whom the arms of mercy have been extended should indeed conduct themselves accordingly."
Clark was lawfully convicted of a crime and was granted probation. The probation supervisor is obligated "to keep informed concerning the conduct, habits, associates, employment, recreations, and whereabouts" of Clark "by visits, requiring reports and in other ways" and "to use all practicable and proper methods to aid and encourage persons on probation, and to bring about improvement in their conduct and condition." Florida Statutes § 948.02(1) (1967), F.S.A. He is not a policeman. It seems to us that he can be of most usefulness in the rehabilitation of those who have erred if he is not compelled to act like a policeman instead of a sympathetic supervisor. It is the task of others to gather admissible evidence of the commission of the later offense. We find nothing wrong in his asking Clark about an alleged violation of probation, and having been informed of it he is under a duty to advise the court, which he did. The trial court thereafter scrupulously followed Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and Clark was represented by counsel at the revocation hearing.
Affirmed.
LILES, C.J., and PIERCE, J., concur.