483 P.2d 556

**STATE of Arizona, Appellee,**

**v.**

**James GOODLOE, Jr., Appellant.**
**No. 2202.**

Supreme Court of Arizona,
In Banc.

April 7, 1971.

Gary K. Nelson, Atty. Gen., Andrew W. Bettwy, Asst. Atty. Gen., Phoenix, for appellee.

Donald Wolfram, Phoenix, for appellant.

LOCKWOOD, Justice:

On June 4, 1968, defendant James Goodloe, Jr. pled guilty in Superior Court to the charge of robbery. Imposition of sentence was suspended for a period of five years and defendant was placed under supervision of the probation officer. Following defendant's subsequent arrest for attempted robbery and assault with a deadly weapon which occurred on November 30, 1969, he pled guilty in Justice Court to simple assault and petty theft, misdemeanors, and was released on probation on such charges. The superior court thereafter revoked probation in this case and imposed sentence of no less than four years and no more than five in the State Prison. From this sentence defendant appeals.

Defendant contends that his plea in the subsequent offenses was made "for expediency reasons and that it was the duty of the superior court to ascertain the validity of such plea and allow defendant to withdraw those pleas so defendant could be tried on those charges", before revoking his probation in this case. The trial court had no jurisdiction to vacate a plea made in another case and court nor did that

conviction bind the trial court to revoke probation on that account.

 Section 13–1657 A.R.S. grants the court discretion when circumstances warrant or ends of justice will be served to order probation and also to revoke and terminate probation "if the interests of justice so require, and if the court, in its judgment, has reason to believe that the person so placed upon probation is violating the conditions of his probation, or engaging in criminal practices or has become abandoned to improper associates". We have held that to remain at liberty under suspended sentence is not a matter of right but a matter of grace. State v. Maxwell, 97 Ariz. 162, 398 P.2d 548; Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569.

Defendant was brought before the superior court for several hearings to determine whether his probation should be revoked. At the first hearing defendant contended that he had not violated the conditions of his probation, and denied involvement in the crime committed on November 30, 1969. The trial court gave defendant the benefit of the doubt and asked whether defendant would take a lie detector test indicating the judge would consider defendant's contention that his pleas to the misdemeanors were what defendant contended—matters of expediency—if defendant passed the test. To this defendant and his counsel agreed, although the prosecutor protested. At the next hearing the testimony of the independent polygraph operator was to the effect that defendant had failed every material question in the test and was not being truthful when he denied committing the subsequent offense.

Also it appeared that defendant was in violation of other conditions of his probation. On motion of the probation officer at another hearing testimony of alleged employers was introduced which established that defendant had in fact not been employed for some time, contrary to defendant's testimony, and the court ordered him confined until it could hear his evidence and make the final determination.

At a fourth hearing defendant's alibi witnesses were not convincing; the victim in the subsequent crime was unable positively to identify defendant as the man he struggled with and who robbed him, but did identify defendant's automobile as the one in which his attacker fled from the scene. The circumstances of the original and of the subsequent crime were almost identical. After sentencing defendant the court made the following statement to the attorney for defendant "I just believe he robbed somebody else with a knife."

 Defendant's second contention that the superior court erred by allowing the results of polygraph to determine defendant's fate because the stipulation did not meet the requirements set forth in State v. Valdez, 91 Ariz. 274, 371 P.2d 894 in that the County Attorney failed to agree to such stipulation is without merit. While we do not specifically endorse the use of polygraph in such matters its use to corroborate other evidence is permissible so long as there is not a delegation of the authority vested in the court by A.R.S. § 13–1657. A hearing on revocation of probation is not subject to the limitations of a formal trial. State v. Crowder, 103 Ariz. 264, 440 P.2d 29; State v. Maxwell, supra. The court did not require the consent of the county attorney and the purpose of the test was limited to whether its results would indicate defendant was not guilty of the crime charged in the subsequent conviction.

It is apparent from the record that defendant agreed the polygraph results would decide the issue until he failed such test. The court revoked probation not alone on the result of the test but also on the basis of defendant's subsequent guilty plea, the victim's testimony, the testimony of the alibi witness, testimony of the alleged employers and the probation officer which established that defendant had violated the conditions of his probation.

Judgment affirmed.

STRUCKMEYER, C. J., HAYS, V. C. J., and UDALL and CAMERON, JJ., concur.