494 P.2d 376

**STATE of Arizona, Appellee,**

v.

**Gary Lee JACKSON, Appellant.**

**No. 1 CA–CR 326.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 14, 1972.

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler, Asst. Atty. Gen., for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, for appellant.

STEVENS, Presiding Judge.

■ On 7 March 1968 an information was filed wherein the appellant, Gary Lee Jackson, hereinafter referred to as the defendant, was charged with passing a forged instrument. A.R.S. § 13–421, as amended. He was tried and the jury returned a verdict of guilty. The minutes of the trial court disclose that on 27 June 1968 he was adjudged guilty, the imposition of sentence was suspended for the period of five years and he was placed on probation upon conditions stated by the court. By this minute entry order the judgment of guilt was effectively entered. State v. Johnson, 108 Ariz. 116, 493 P.2d 498 (1972), citing the often referred to case of State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962).

■ On 28 May 1970 the trial court held a hearing to determine whether the defendant's probation should be revoked. The State was represented by counsel; the defendant was present; he was represented by counsel and the proceedings were reported. Among other violations of the terms of his probation, the defendant admitted that he had entered pleas of guilty to reduced charges in criminal causes numbered 58892 and 61164. In addition to admitting that he had entered the pleas of guilty, he admitted facts upon which the original information in each case had been filed. In State v. Jackson, 14 Ariz.App. 591, 485 P.2d 580 (1971), we reversed the conviction in Superior Court cause number 58892 for the reason that the facts of the case did not support the amended information to which the defendant had entered his plea of guilty. In the opinion we pointed out that there were two other penal code sections which could have been used for an amended information and which would have been applicable under the admitted facts. When a defendant admits facts which constitute criminal activities while on probation these facts are an adequate basis for the exercise of the judicial discretion to revoke probation even though the defendant may not have entered a plea of guilty, to an offense arising out of those facts. In another case of State v. Jackson, 14 Ariz.App. 594, 485 P.2d 583 (1971), we affirmed the conviction arising out of the defendant's plea of guilty to Superior Court cause number 61164, there being a factual basis for the plea. The record discloses a clear basis for the revocation of probation in the instant case.

At the conclusion of the 28 May 1970 hearing the trial court revoked the probation and sentenced the defendant to the Arizona State Prison for a period of not less than ten years and not more than twelve years to date from 3 January 1970, the date of his incarceration under the other criminal charges.

On 25 June 1970 the defendant, in person, filed a notice of appeal " * * * from the judgment and sentence pronounced upon him * * * on May 28, 1970."

### THE 1968 TRIAL AND JUDGMENT OF GUILT

■ In this Court the defendant urges errors in relation to the 1968 trial and the

judgment of guilt resulting therefrom. We need not consider whether the notice of appeal was adequate to raise those issues inasmuch as the notice of appeal was not timely as to the 1968 trial and judgment of guilt. In State v. Osborn, 107 Ariz. 295, 486 P.2d 777 (1971), our Supreme Court overruled this Court's decision in State v. Veres, 7 Ariz.App. 117, 436 P.2d 629 (1968), and held that one who is adjudged guilty and granted probation must appeal from the judgment of guilt within the prescribed period of time following the entry thereof and that he may not appeal from the judgment of guilt after his time has elapsed and upon a later revocation of probation together with the imposition of sentence. We do not consider the alleged errors leading up to the 1968 judgment of guilt.

## THE 1970 REVOCATION AND SENTENCE

■ The defendant urges two positions in relation to the 1970 revocation hearing and the sentence. First, the defendant urges that he was not warned as to his constitutional right to remain silent and second, that he is entitled to credit on his sentence for the period of time which he spent on probation. We consider the second matter first. This contention has been laid to rest contrary to the position taken by the defendant by State v. Tritle, 15 Ariz.App. 325, 488 P.2d 681 (1971), wherein we cite In re Application of Johnson, 5 Ariz.App. 125, 423 P.2d 896 (1967) and State v. McFord, 13 Ariz.App. 273, 475 P.2d 758 (1970).

■ The remaining issue urged by the defendant is the fact that the trial court, prior to questioning the defendant as to criminal activities which were in part the basis for the revocation of probation, did not advise the defendant that he had the constitutional right to remain silent. We cannot sustain the defendant's position in this respect.

■ Probation is a matter of grace and not a matter of right. State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968) and State v. Goodloe, 107 Ariz. 141, 483 P.2d 556 (1971). A defendant is entitled to the presence and participation of his counsel at the hearing on revocation of probation and at the resulting imposition of sentence. Pina v. State, 100 Ariz. 47, 410 P.2d 658 (1966) and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). The right to counsel is not inconsistent with the fact that probation is a matter of grace.

■ A defendant who is placed on probation assumes certain responsibilities and duties to the probation officer and to the court. He has the obligation to truthfully communicate with the probation officer in relation to his life and his activities while on probation. He may be questioned concerning his acts and conduct which may be in violation of the terms of probation. People v. W., 24 N.Y.2d 732, 302 N.Y.S.2d 260, 249 N.E.2d 882 (1969), and Clark v. Florida, Fla.App., 222 So.2d 766 (1969). Since the Miranda warnings are not required in conferences between a probationer and his probation officer and the probation officer could properly relate those conferences to the trial judge at a revocation hearing, we hold it is proper for the trial court to interrogate the probationer at a revocation hearing without the Miranda warnings. The hearing on revocation of probation is not subject to the same limitations which apply to the trial of a criminal charge on its merits. Goodloe.

The revocation of probation and the sentence are,

Affirmed.

CASE and DONOFRIO, JJ., concur.