503 P.2d 644

**STATE of Arizona, Appellee,**

v.

**Gilbert SANCHEZ, Appellant.**

**No. I CA–CR 489.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 1, 1973.

Rehearing Denied April 26, 1973.

Review Denied May 29, 1973.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

The defendant, Gilbert Sanchez, was sentenced to prison after his probation was revoked by the trial court. The principle question before us in this appeal is whether or not the defendant was denied his right to due process of law under the Fourteenth Amendment of the United States Constitution and the laws of the State of Arizona

The transcript of the probation hearing clearly shows that the defendant was present with counsel. This complies with the Arizona requirement as set forth in Leonard v. State, 101 Ariz. 42, 415 P.2d 570 (1966). See also Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).

■ The revocation of probation is not subject to the limitations of a formal trial. State v. Goodloe, 107 Ariz. 141, 483 P.2d 556 (1971). Probation is a matter of grace and not a matter of right. Varela v. Merrill, 51 Ariz. 64, 74 P.2d 569 (1937); State v. Crowder, 103 Ariz. 264, 440 P.2d 29 (1968); State v. Goodloe, supra. Although the revocation of probation has always been deemed to lie within the sound discretion of the trial court, this discretion does not allow capriciousness or arbitrariness on the part of the trial court. State v. Douglas, 87 Ariz. 182, 349 P.2d 622 (1960). It follows that a probationer facing revocation is entitled to counsel but not to a full-blown trial. There must be a fundamental fairness in the proceeding. The probationer complains that the judge took no formal sworn testimony and relied heavily on written reports. We find no such specific requirement in Arizona case law. State v. Walter, 12 Ariz.App. 282, 469 P.2d 848 (1970).

The appellant alleges there was a violation of the due process and equal protection clauses of the Fourteenth Amendment and that the Arizona case law is not in conformity with the recent United States Supreme Court decision of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972).

The Morrissey case presented a situation where the Iowa Parole Board had recommitted a parolee to prison with no hearing granted prior to the revocation of his parole. Chief Justice Burger, the author of the majority opinion, commented that the case could have been different if the parolee had been afforded a hearing and admitted his parole violations. Chief Justice Burger summarized in one sentence what is necessary to protect the rights of a parolee at a revocation hearing when he stated: "What is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior."

■ We find in this particular case that there is no conflict with the Morrissey decision. Defendant Sanchez was afforded an informal hearing with his attorney present to assist him; he was advised of the alleged parole violations and openly admitted certain violations of the terms of his probation. After such admissions, little purpose could be served by parading witnesses before the court to be cross-examined by defendant and his counsel. Mr. Sanchez was afforded an opportunity to present his defense and a court reporter was present who recorded all proceedings. The decision to revoke was made by the trial judge who was not the person recommending the revocation.

We would recommend all trial judges study the Morrissey decision in the hope that modifications and refinements can be instituted in some of the procedures now followed by some trial courts of this State at revocation hearings. The appellant also contends it was error under the sentence not to credit Sanchez for time spent in jail prior to sentence.

■ It appears that the jail time which is now in issue occurred when Sanchez was arrested on three prior occasions for violations of his probation. Apparently part of that time was incurred as the trial judge and his probation staff were working with Sanchez in an attempt to rehabilitate him under the Federal Narcotic Addiction Rehabilitation Act. The final revocation by the court was not a hasty act, for his probation was not revoked until three unsuccessful attempts were made at rehabilitation.

Section 13–1652, Arizona Revised Statutes, reads as follows:

"The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time [as] when the term of imprisonment begins * * *"

█ In Arizona it is not a matter of right but a discretionary matter with the court as to whether credit should be given for time spent in jail prior to imposition of sentence. State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970). In re application of Johnson v. State of Arizona, 5 Ariz.App. 125, 423 P.2d 896 (1967); State v. McFord, 13 Ariz.App. 273, 475 P.2d 758 (1970).

The judgment and sentence of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.