544 P.2d 238
**The STATE of Arizona, Appellee,**
v.
**Mary Lou BUELNA, Appellant.**
**No. 2 CA–CR 472.**

Court of Appeals of Arizona,
Division 2.

Dec. 31, 1975.

Rehearing Denied Jan. 27, 1976.

Review Denied Feb. 18, 1976.

Bruce E. Babbitt, Atty. Gen., by Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of J. Emery Barker by James P. F. Egbert, Tucson, for appellant.

**416**

## OPINION

KRUCKER, Judge.

Appellant was found guilty by a jury of one count of grand theft and was placed on probation for three years after the imposition of sentence was suspended for that period. As a condition of the probation, appellant was ordered to make full restitution in the amount of $2,430.00, $1,000 to be paid within one month after sentencing and the remainder to be paid within the following six months. Appellant raises four points on appeal.

■ The crime involved, theft by false pretenses, centers around the scheme by which appellant received money from a victim in exchange for a promise to provide him with immigration papers. The documents were never delivered. Appellant claimed she was acting as an unsuspecting agent for a third party and never deprived the victim of any of his money. Introduced at the trial was a tape recording made by the victim of a conversation between him and another party alleged to be the appellant. Appellant's first argument is that the trial court erred in prohibiting her from testifying about her voice identification. Appellant did testify that the voice was not hers, however, and she testified that the voice sounded like that of the victim's sister. Testimony directly contradicted the victim's and the issue was placed before the jury for its resolution. In addition, appellant attempted to have her voice recorded in the courtroom and then played and compared with the victim's tape so the jury could decide if indeed it was her voice on the tape. However, there was no showing that the conditions of the proposed demonstration were similar to those under which the victim's tape was made. *Ong v. Pacific Finance Corporation of California,* 70 Ariz. 426, 222 P.2d 801 (1950). In fact, the transcript shows that the proposed demonstration would have been much different in that the victim made his tape inside his automobile, a different tape recorder was to be used for the demonstration, and there was no showing that the tape to be used was the same.

■ Appellant also submits that the court erred in not allowing her to testify in Spanish so the jury could compare her intonation in the language used on the tape recording. We note that our court proceedings are conducted in English, *State v. Cordova,* 109 Ariz. 439, 511 P.2d 621 (1973), and in any case, the transcript shows that appellant did indeed speak Spanish in front of the jury such that the jury was able to compare her voice in Spanish both in the courtroom and on tape. We therefore find that any error committed by the trial court was harmless because testimony regarding appellant's voice identification was elicited at trial for the jury's consideration.

■ The second point raised by appellant is that the evidence is insufficient to sustain a verdict of theft by false pretenses. In order to prove defendant guilty, the State had to show that she made false statements or representations and took the victim's money with the felonious intent to permanently deprive him of it. *State v. Joseph,* 20 Ariz.App. 70, 510 P.2d 69 (1973). The evidence showed that appellant told the victim she could get him immigration papers. She admitted she took his money and gave it to someone else. The element of intent to permanently deprive the victim of his money may be implied from the circumstances in that appellant chided the victim when he demanded his money back, sought out the victim on several occasions to collect the money, took the victim's money and gave it to someone else, and raised the price of the immigration papers during the course of the transaction. Circumstantial evidence was sufficient to prove the necessary intent, *State v. Joseph,* supra, and the evidence clearly supports the verdict.

■ Appellant's third argument is that she was not afforded effective assistance of counsel. She bases her charge on four grounds: (1) counsel's failure to

prevent the admission of exhibits; (2) counsel's lack of preparation to show the voice on the tape was not his client's; (3) counsel's failure to move for a judgment of acquittal; and (4) counsel's failure to move for a new trial. Appellant's trial counsel has submitted an affidavit saying it was due to his neglect and oversight that he did not submit a written motion for a new trial in accordance with Rule 24.1, Rules of Criminal Procedure. Appellant's present counsel on appeal claims that this, along with the other allegations of incompetency, together deny appellant her right to the effective assistance of counsel. However, the test to be used is whether the assistance of counsel was so ineffective as to turn the defense into a farce or a sham. *State v. Swingle,* 110 Ariz. 66, 514 P.2d 1254 (1973); *State v. Suarez,* 23 Ariz.App. 45, 530 P.2d 402 (1975). If we were called upon to reverse every case in which a defendant's attorney failed to prevent the admission of evidence or failed to make particular motions, we would have to sit at the defense table during trial and prompt counsel at every stage of the proceeding. This is not the function of the appellate system. Our duty is to read the entire record and decide whether, on the whole, appellant was afforded effective assistance of counsel, taking into consideration that what now is claimed to be error on appeal may well have been defense counsel's deliberate strategy during trial. Our review of the record in the instant case shows that the defense in no way approached a "farce or sham."

The last point raised is whether the trial court, in the exercise of its power to sentence, abused its discretion by ordering the appellant to make full restitution by June, 1975. It is true that probation is a matter of grace, not right, *State v. Goodloe,* 107 Ariz. 141, 483 P.2d 556 (1971); *State v. Sanchez,* 19 Ariz.App. 253, 506 P.2d 644 (1973). The practice of requiring restitution to crime victims is not new. *Shenah v. Henderson,* 106 Ariz. 399, 476 P.2d 854 (1970). However, the trial court's discretion in sentencing must be exercised prudently and we believe a modification of the restitution part of the sentence is demanded. The probation report submitted to the trial judge stated that the appellant's husband's take-home pay was $625 per month. Their assets were listed as $1,100 in cash and a trailer valued at $2,800.00. Their monthly liabilities were detailed at $69 for utilities, $240 for food, $67 for clothing, $30 for entertainment, $52 to pay off a loan to Dial Finance, totaling $458.00. As such, we think it was unreasonable to demand that full restitution be made within seven months of sentencing. We think a fair disposition would be to require full restitution through a series of payments stretched over the full three-year probationary period. The sentence of appellant is affirmed as modified.

HATHAWAY and HOWARD, JJ., concur.