NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SCOTT MICHAEL PARSONS, *Appellant.*

No. 1 CA-CR 15-0255
FILED 1-5-2016

Appeal from the Superior Court in Maricopa County
No. CR2011-048457-001
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry Reid
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Kent E. Cattani and Judge John C. Gemmill joined.

**J O H N S E N**, Judge:

¶1          This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following the revocation of Scott Michael Parsons's probation.  Parsons's counsel has searched the record and found no arguable question of law that is not frivolous.  *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Parsons was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm the revocation of Parsons's probation and the imposition of his sentence.

### FACTS AND PROCEDURAL HISTORY

¶2          In August 2012, Parsons pleaded guilty to one count of possession of narcotic drugs for sale.[1]  The superior court suspended Parsons's sentence, placed him on probation for two years and ordered him to serve six months' incarceration.  A month later, Parsons escaped from jail and his probation officer filed a petition to revoke his probation.  After a hearing, the court reinstated Parsons on three years' probation.  Upon filing of a second petition to revoke in April 2014, the court reinstated Parsons to three years of intensive probation and ordered him to serve three months' incarceration.  In November 2014, his probation officer filed a third petition to revoke.  Following a hearing, the court revoked probation and sentenced Parsons to four years' incarceration, with 253 days of presentence incarceration credit.

---

[1]      Upon review, we view the facts in the light most favorable to sustaining the findings of the court and resolve all inferences against Parsons.  *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3　　　　Parsons timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2015) and -4033 (2016).[2]

## DISCUSSION

¶4　　　　Parsons was present and represented by counsel at all critical stages of the revocation proceeding. *See State v. Jackson,* 16 Ariz. App. 476, 478 (1972) ("A defendant is entitled to the presence and participation of his counsel at the hearing on revocation of probation and at the resulting imposition of sentence."). The record reflects that the superior court afforded Parsons his rights under the federal and state constitutions and our statutes, and the revocation proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

¶5　　　　Pursuant to Arizona Rule of Criminal Procedure 27.8(b)(3), the State must prove a probation violation by a preponderance of the evidence. The court's determination that a defendant violated a probation term will not be reversed unless the determination is unsupported by any theory of the evidence. *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012).

¶6　　　　The court found the State proved by a preponderance of the evidence that Parsons violated two terms of his probation: One requiring him to live in an approved residential facility and another prohibiting him from using illegal drugs or controlled substances. Sufficient evidence supports the superior court's determination that Parsons violated probation. Parsons's probation officer testified Parsons was not living in an approved living facility and that he had admitted he had used methamphetamine.

¶7　　　　Before sentencing Parsons, the court provided him an opportunity to speak. Thereafter, it revoked his probation and imposed a sentence within the statutory range for possession of narcotic drugs for sale, with proper credit given for presentence incarceration.

## CONCLUSION

¶8　　　　We have reviewed the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

---

[2]　　　　Absent material revision after the date of an alleged offense, we cite a statute's current version.

¶9          After the filing of this decision, defense counsel's obligations pertaining to Parsons's representation in this appeal have ended.  Defense counsel need do no more than inform Parsons of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the court's own motion, Parsons has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Parsons has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama