NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DARYL LAMONE MCGHEE, *Appellant*.

No. 1 CA-CR 15-0219
FILED 3-24-16

Appeal from the Superior Court in Maricopa County
No. CR2013-446388-001
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1** This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Daryl Lamone McGhee's termination of probation as unsuccessfully completed. McGhee's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). McGhee was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm the termination of probation as unsuccessfully completed.

**FACTS AND PROCEDURAL HISTORY**

**¶2** In September 2014, McGhee pled guilty to possession or use of marijuana, a Class 1 misdemeanor.[1] The superior court suspended imposition of sentence and placed McGhee on probation for one year. In January 2015, McGhee's probation officer filed a petition to revoke probation, alleging McGhee absconded and failed to report. After a hearing, the court extended McGhee's probation by 11 days. Less than two weeks later, McGhee's probation officer filed a second petition to revoke, alleging McGhee threatened a detention officer. Following another hearing, the court revoked McGhee's probation and terminated probation as unsuccessfully completed.

---

[1] Upon review, we view the facts in the light most favorable to sustaining the judgment and resolve all inferences against McGhee. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3            McGhee timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

¶4            McGhee was present and represented by counsel at all critical stages of the revocation proceeding.  *See State v. Jackson,* 16 Ariz. App. 476, 478 (1972).  The record reflects that the superior court afforded McGhee his rights under the federal and state constitutions and Arizona statutes, and the revocation proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

¶5            Pursuant to Rule 27.8(b)(3), the State must prove a probation violation by a preponderance of the evidence.  The court's determination that a defendant violated a probation term will not be reversed unless the determination is unsupported by any theory of the evidence.  *State v. Tatlow,* 231 Ariz. 34, 39, ¶ 15 (App. 2012).  The court found the State proved by a preponderance of the evidence that McGhee violated probation by threatening a detention officer.  Sufficient evidence supports the superior court's determination that McGhee violated probation.  A detention officer testified that he heard McGhee tell another officer, "I'm going to kill you, you and your family[.]"

¶6            The court can revoke probation only for a violation of a condition of which McGhee had written notice.  *See* Ariz. R. Crim. P. 27.8(c)(2).  McGhee signed and received written copies of his probation conditions, including the condition he was accused of violating.  Before sentencing McGhee, the court provided him an opportunity to speak.  Thereafter, it revoked probation and then terminated the probation as unsuccessfully completed.

## CONCLUSION

¶7            We have reviewed the entire record for reversible error.  *See Leon,* 104 Ariz. at 300.  We find none.

¶8            After the filing of this decision, defense counsel's obligations pertaining to McGhee's representation in this appeal have ended.  Counsel need do no more than inform McGhee of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for

---

[2]            Absent material revision after the date of an alleged offense, we cite a statute's current version.

submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, McGhee has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. McGhee has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: jt