NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD CARL ZARRA, *Appellant.*

Nos. 1 CA-CR 15-0524
1 CA-CR 15-0525
(Consolidated)
FILED 7-12-2016

Appeal from the Superior Court in Maricopa County
Nos.  CR2014-117720-001
CR2004-132145-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Tennie B. Martin
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

J O H N S E N, Judge:

¶1  This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following Richard Carl Zarra's convictions of aggravated assault, a Class 4 felony, and resisting arrest, a Class 6 felony. Zarra also appeals the revocation of his probation. Zarra's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Zarra was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Zarra's convictions and sentences and the revocation of his probation.

### FACTS AND PROCEDURAL BACKGROUND

¶2  Zarra called the police to report his wallet had been stolen.[1] Uniformed officers in marked police vehicles responded to the call and attempted to locate the suspect in the immediate area near Zarra's residence. After the officers were unable to locate the suspect Zarra had described, they went to Zarra's residence to ask him questions about the reported theft. When Zarra came to the door, he appeared agitated and upset. Zarra would not answer the officers' questions and became very angry and aggressive. Zarra lunged toward one of the officers with his hands toward the officer's head. In response, the officers grabbed Zarra's arms and attempted to get him on the ground. The officers told Zarra that he was under arrest and to stop resisting, but he continued to struggle with the officers. During the struggle, Zarra told one of the officers, "I'm going to f***ing bite you," and then leaned over and bit the officer's upper arm.

---

[1]  Upon review, we view the facts in the light most favorable to sustaining the judgment and resolve all inferences against Zarra. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

The officers continued to struggle with Zarra until one officer deployed a Taser and the other officer was able to handcuff Zarra.

¶3        Zarra was charged with aggravated assault and resisting arrest. Because Zarra was on probation at the time, Zarra's probation officer filed a petition to revoke probation, alleging Zarra had committed aggravated assault and resisting arrest. A jury convicted Zarra of aggravated assault and resisting arrest and found he had been on probation at the time of the offenses. The superior court sentenced Zarra to concurrent sentences of incarceration, the longest of which is 4.5 years. The court also found the convictions constituted violations of Zarra's probation and imposed a consecutive sentence in that matter of 3.5 years' incarceration with 513 days of presentence incarceration credit.

¶4        Zarra timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).[2]

## DISCUSSION

¶5        The record reflects Zarra received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing; however, the record does not suggest a question about the voluntariness of Zarra's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶6        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict Zarra of the assault and resisting arrest charges. The jury was properly comprised of eight members with two alternates. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned unanimous verdicts, which were confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Zarra was convicted.

¶7        Zarra also was present and represented by counsel at all critical stages of the revocation proceeding. *See State v. Jackson*, 16 Ariz. App. 476, 478 (1972) ("A defendant is entitled to the presence and

---

[2]        Absent material revision after the date of an alleged offense, we cite a statute's current version.

participation of [his or her] counsel at the hearing on revocation of probation and at the resulting imposition of sentence."). The record reflects that the superior court afforded Zarra his rights under the federal and state constitutions and our statutes, and the revocation proceeding was conducted in accordance with the Arizona Rules of Criminal Procedure.

¶8 Pursuant to Arizona Rule of Criminal Procedure 27.8(b)(3), the State must prove a probation violation by a preponderance of the evidence. The court's determination that a defendant violated a probation term will not be reversed unless the determination is unsupported by any theory of the evidence. *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012). The court found the State proved by a preponderance of the evidence that Zarra violated the terms of his probation when he committed aggravated assault and resisting arrest. Because Zarra was convicted of aggravated assault and resisting arrest, sufficient evidence supported the superior court's determination that Zarra violated probation.

¶9 The court can revoke probation only for a violation of a condition of which Zarra had written notice. *See* Ariz. R. Crim. P. 27.8(c)(2). Zarra signed and received written copies of his probation conditions, including the conditions he was accused of violating. Before sentencing Zarra, the court provided him an opportunity to speak. Thereafter, it revoked his probation and imposed a sentence within the statutory range for aggravated assault, a Class 3 felony, with proper credit given for presentence incarceration.

## CONCLUSION

¶10 We have reviewed the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶11 After the filing of this decision, defense counsel's obligations pertaining to Zarra's representation in this appeal have ended. Defense counsel need do no more than inform Zarra of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's

own motion, Zarra has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Zarra has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA