NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GARY LEE NELSON, *Appellant*.

No. 1 CA-CR 17-0750
FILED 8-2-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201400366
The Honorable Richard D. Lambert, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

**J O H N S E N**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following the revocation of Nelson's probation.  Nelson's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999).  Nelson was given the opportunity to file a supplemental brief but did not do so.  Counsel now asks this court to search the record for fundamental error.  After reviewing the entire record, we affirm the revocation of Nelson's probation and the imposition of his sentence.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Nelson pled guilty to sexual abuse of a minor under 15 years old, a non-dangerous, non-repetitive Class 3 felony and a first-degree dangerous crime against children.[1]  On December 23, 2014, the superior court suspended sentence and imposed a five-year term of supervised probation.  Among the probation conditions were:

> 12.  Do not possess, or in any way attempt to obtain by telephone or any other instrument, any sexually stimulating or sexually orientated material in any form as deemed inappropriate by treatment staff, or patronize any adults-only establishment where material is available.

*        *        *

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the judgment and resolve all inferences against Nelson. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

14. Do not possess, use, or have personal access to any computer or similar equipment that has internet capability without prior written permission of your Probation Officer.

Nelson also agreed not to consume alcohol and not to travel beyond certain bounds without written permission.

**¶3** On November 30, 2016, Nelson's probation officer visited his home and noticed an internet-capable flip phone sitting on the coffee table. Although the phone was not activated and the probation officer did not determine whether the internet feature had been used, she did notice the phone was connected to the internet. The State filed a petition to revoke Nelson's probation, alleging he possessed an unauthorized internet-capable flip phone and smartphone, possessed alcohol, and also that a monitoring service had twice detected him accessing prohibited sexually-oriented material via the internet.

**¶4** Just after 1:00 a.m. one morning several weeks later, Nelson searched the internet multiple times for a GIF image of a "girl saying no with pink lockers behind her," and the monitoring service reported hits for numerous sexually explicit trigger words in the search results. The State filed a supplemental petition to revoke Nelson's probation, alleging the monitoring service had again detected him accessing prohibited sexual material and also that he had left the county without permission.

**¶5** At the close of a contested probation violation hearing, the superior court found that Nelson had violated his probation by possessing the flip phone and by performing internet searches for the girl in front of pink lockers. The court found that the flip phone was internet-capable and Nelson submitted no evidence to support his contention that his previous probation officer had authorized him to have the phone. The court further found that Nelson was not credible when he explained why he searched for the GIF, given the text of his search terms, the repeated nature of the searches, the late-night hour in which the activity occurred, the content returned by the searches, and Nelson's intelligence and high level of sophistication as an internet user. The court found Nelson did not commit the other alleged probation violations. On November 6, 2017, the court revoked Nelson's probation and sentenced him to the presumptive sentence of five years' imprisonment with credit for 150 days served.

**¶6** Nelson timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised

Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018), 13-4031 (2018) and -4033(A)(1) (2018).[2]

## DISCUSSION

**¶7** Nelson was present and represented by counsel at all critical stages of the revocation proceeding. *See State v. Jackson,* 16 Ariz. App. 476, 478 (1972) ("A defendant is entitled to the presence and participation of his counsel at the hearing on revocation of probation and at the resulting imposition of sentence."). The record reflects that the superior court afforded Nelson his rights under the federal and state constitutions and our statutes, and that the revocation proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

**¶8** Pursuant to Arizona Rule of Criminal Procedure 27.8(b)(3), the State must prove a probation violation by a preponderance of the evidence. The court's determination that a defendant violated a probation term will not be reversed unless the determination is unsupported by any theory of the evidence. *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012).

**¶9** The court found the State proved Nelson violated the terms of his probation, and sufficient evidence supports that determination. Nelson's probation did not permit him to "possess, use, or have personal access to any computer or similar equipment that has internet capability without prior written permission" of his probation officer, yet he admitted that he possessed the internet-capable flip phone and presented no evidence supporting his assertion that he had followed his previous probation officer's instruction in purchasing that phone. Moreover, Nelson acknowledged that his current probation officer had told him he could not use the internet-capable flip phone. Although he testified he had activated his home phone because it was cheaper, he offered no explanation for why he had kept the unauthorized flip phone even though he had a home phone.

**¶10** Further, Nelson was not allowed to "possess, or in any way attempt to obtain by telephone or any other instrument, any sexually stimulating or sexually orientated material," and the probation officer testified that in the early morning of August 7, 2017, Nelson repeatedly conducted internet searches for a "girl" that yielded sexually explicit results. Nelson admitted that he conducted those searches, but said that he did not see any pornographic pictures or other objectionable results, and that, in

---

2       Absent material revision after the date of an alleged offense, we cite a statute's current version.

any event, he did not click on any objectionable link in the results. Nelson testified he was searching for a particular animated GIF image that depicted a girl flipping her hair and saying "no" in front of a row of pink lockers because he had a friend that looked just like the girl and wanted to show it to her. The court, however, was entitled to disbelieve Nelson's explanation for the searches and his denial that he had noticed anything explicit.

¶11 The court may revoke probation only if the defendant has prior written notice of the condition allegedly violated. *See* Ariz. R. Crim. P. 27.8(c)(2). Nelson signed and received written copies of his probation conditions, including the conditions he was accused of violating.

¶12 Before imposing sentence, the court provided Nelson an opportunity to speak and reviewed a presentence report. Thereafter, the court revoked his probation and imposed a legal sentence for the crime of which he was convicted, with proper credit given for presentence incarceration. *See* A.R.S. §§ 13-1404(A), (C) (2018); 13-705(F), (P)(1)(j) (2018).

## CONCLUSION

¶13 We have reviewed the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶14 After the filing of this decision, defense counsel's obligations pertaining to Nelson's representation in this appeal have ended. Defense counsel need do no more than inform Nelson of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Nelson has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Nelson has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

5