NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

AARON JACKSON YOUNG, *Appellant.*

Nos. 1 CA-CR 18-0201, 1 CA-CR 18-0193
(Consolidated)
FILED 12-18-2018

---

Appeal from the Superior Court in Maricopa County
No. CR2015-107088-001
CR2013-458384-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

_____

**P E R K I N S**, Judge:

¶1         Aaron Jackson Young timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), after the trial court modified his probation. Young's counsel has searched the record and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530 (App. 1999). Young was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm the continuance and modification of Young's probation and the imposition of his sentence.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2         Upon review, we view the facts in the light most favorable to sustaining the judgment and resolve all inferences against Young. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998). Young pled guilty to one count of possession of drug paraphernalia in October 2014, and the trial court suspended his sentence and placed him on probation for two years. Young violated probation and the court again suspended his sentence but increased the length of probation to three years.

¶3         In May 2015, Young pled guilty to three counts of third degree burglary. The trial court sentenced Young to concurrent terms of 2.5 years' imprisonment on two of the burglary charges, and suspended the sentence on a third burglary charge, imposing probation to begin upon his absolute discharge. The court again suspended Young's sentence on the paraphernalia charge, imposing two years' probation also to begin upon his absolute discharge from prison on the burglary charges.

¶4         In August 2017, Young's probation officer petitioned the court to revoke probation, alleging Young had absconded. The trial court issued a warrant, and police arrested Young on October 16, 2017. Young admitted to violating his probation and the trial court again suspended his sentence on the paraphernalia charge and imposed two years' probation.

On the burglary charge, the trial court imposed three years' probation and sentenced Young to three months' confinement in the county jail, which it deferred to begin in January 2018.

¶5 Before Young entered confinement, his probation officer again petitioned the court to revoke probation, alleging that Young committed robbery and had possessed a prohibited weapon. The trial court dismissed the petition without prejudice. Young could not start his deferred jail time because he was incarcerated on another charge, so the superior court "deleted" the incarceration term from the October 2017 probation order.

¶6 On January 23, 2018, Young's probation officer again petitioned to revoke each probation, now alleging Young: committed the crime of first degree trespass; possessed a prohibited weapon; failed to report contact with law enforcement; absconded by failing to report to his probation officer; absconded by failing to notify the officer of a change in address; failed to participate in substance abuse counseling; and possessed or used an illegal drug or controlled substance. The trial court issued warrants, and police arrested Young on February 8 after responding to an unrelated call. The probation officer amended the petition, further alleging that Young committed shoplifting and assault in early January 2018.

¶7 The trial court held hearings on the petition at issue on February 28 and March 6, 2018. At the March 6 hearing, the court heard testimony from Young's probation officer. She testified that, at the time of the hearing, she had not seen Young since November 2017. Further, although Young had taken a drug test at TASC, which tested positive for amphetamines and opiates, Young had not completed any drug treatment intake. At the end of the hearing, the court found that Young had absconded by failing to apprise his probation officer of address changes and that he had possessed or used an illegal drug or controlled substance. The court dismissed the remaining allegations without prejudice.

¶8 The trial court suspended Young's sentence and imposed intensive probation on the paraphernalia charge. As to the burglary charge, the trial court sentenced Young to three months' in the county jail, but otherwise suspended Young's sentence, and imposed two years' intensive probation with an order to complete a mental health evaluation within 30 days of Young's release. Young timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 13-4033 and *State v. Regenold*, 226 Ariz. 378, 378, 380, ¶¶ 1, 12 (2011) ("a defendant who pleads guilty but later contests an alleged probation violation may appeal the resulting sentence").

**DISCUSSION**

¶9 Young was present and represented by counsel at all critical stages of the revocation proceeding. *See State v. Jackson,* 16 Ariz. App. 476, 478 (1972) ("A defendant is entitled to the presence and participation of his counsel at the hearing on revocation of probation and at the resulting imposition of sentence."). The record reflects that the superior court afforded Young his rights under the federal and state constitutions and our statutes, and the revocation proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

¶10 Pursuant to Arizona Rule of Criminal Procedure 27.8(b)(3), the State must prove a probation violation by a preponderance of the evidence. We will not reverse the court's determination that a defendant violated a probation term unless the determination is unsupported by any theory of the evidence. *State v. Tatlow*, 231 Ariz. 34, 39, ¶ 15 (App. 2012).

¶11 The court found the State proved by a preponderance of the evidence that Young violated two terms of his probation: Term 7 requiring Young to receive approval before changing addresses; and term 12 forbidding Young from using illegal drugs or controlled substances. Sufficient evidence supports these findings. Young's probation officer testified that Young was repeatedly unavailable at the address he provided to her and that Young had given conflicting addresses to law enforcement. Also, a drug test report from TASC showed that Young tested positive for amphetamines and opiates.

¶12 The court can modify probation only for a violation of a condition of which Young had written notice. *See* Ariz. R. Crim. P. 27.8(c)(2). Young signed and received written copies of his probation conditions, including the conditions he was accused of violating.

¶13 Before sentencing Young, the court provided him an opportunity to speak. Thereafter, it modified and continued his probation and imposed a three-month sentence.

**CONCLUSION**

¶14 We have reviewed the entire record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶15 After the filing of this decision, defense counsel's obligations pertaining to Young's representation in this appeal have ended. Defense counsel need do no more than inform Young of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue

appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the Court's own motion, Young has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Young has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.

